**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RENE EDGARDO ANDRES-CRUZ; et al., | No.    18-70162 |
| Petitioners, | Agency Nos.    A208-377-914 |
| v. | A208-377-915 |
| MATTHEW G. WHITAKER, Acting Attorney General, | A208-373-976 |
|  | A208-373-977 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2019**

Before:     TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Rene Edgardo Andres-Cruz and his family, natives and citizens of El
Salvador, petition for review of the Board of Immigration Appeals' ("BIA") order
dismissing their appeal from an immigration judge's decision denying their
application for asylum, withholding of removal, and relief under the Convention

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider petitioners' proposed social group of "former police officers" that they raise for the first time in their opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

The agency did not err in finding that petitioners' proposed social group of "police officers in El Salvador targeted for harm by gangs" is not cognizable. *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1029-30 (9th Cir. 2000) (current status as a police officer is not a cognizable protected group under the Immigration and Nationality Act). Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not that they would be tortured by or with the consent or acquiescence of the Salvadoran government. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**